IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

---

**KINA PAYNE**

    **Plaintiff,**

v.                                                                 Case No. 1:08-CV-50-R

**JURY DEMANDED**

**SIMPSON COUNTY,**
**SIMPSON COUNTY SHERIFF GENE STARKS**
**(in his official and individual capacity)**
**SIMPSON COUNTY JAILER BOB HUBER**
**(in his official and individual capacity),**
**SIMPSN COUNTY DEPUTY SHERIFF EDDIE LAWSON**
**(in his individual capacity)**

    **Defendants.**

---

## COMPLAINT

---

COMES Kina Payne, by counsel, and for her Complaint in this matter states as follows:

### INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Ms. Payne by the Fourteenth Amendment to the Constitution of the United States (42 U.S.C. § 1983), and arising under the law and statutes of the Commonwealth of Kentucky, and otherwise to redress tortious injury to Ms. Payne.

2. The jurisdiction of this Court is invoked under the Fourteenth Amendment of the United States Constitution, under 28 U.S.C. § 1331 and § 1343, and Title 42 U.S.C. § 1983 and § 1988, and in accordance with 28 U.S.C. § 1332.

3. Venue for this action lies in the United States District Court for the Western District of Kentucky. 28 U.S.C. § 1391. All Defendants reside in this District and all events giving rise to this Complaint occurred in this District.

4. This action is brought for compensatory and punitive damages to redress deprivations against Ms. Payne by the Defendants under the Fourth and Fourteenth Amendments to the United States Constitution, and arising under the law and statutes of the Commonwealth of Kentucky, and otherwise to redress tortious injury to Ms. Payne.

## PARTIES

5. During all times mentioned in this Complaint, Ms. Payne has been an adult citizen residing in Nashville, Tennessee.

6. During all times mentioned in this Complaint, Simpson County has been a county in the Commonwealth of Kentucky, and Gene Starks has been its appointed Sheriff, and Bob Huber has been its Jailer, and Eddie Lawson has been a Deputy Sheriff for the County.

7. It is in the name of Simpson County that Sheriff Gene Starks performed all acts and omissions alleged here.

8. It is in the name of Simpson County that Jailer Bob Huber performed all acts and omissions alleged here.

9. It is in the name of Simpson County that Deputy Sheriff Eddie Lawson performed all acts and omissions alleged here.

10. During all times mentioned in this Complaint, the Defendants, each of them separately and in concert, acted under color of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Kentucky, County of Simpson.

11. Each of the Defendants, separately and in concert, engaged in the illegal and unlawful conduct here mentioned to the injury of Ms. Payne, and depriving her of the rights, privileges, and immunities secured to her by the Fourteenth Amendment to the United States Constitution and the laws of the United States, and arising under the law and statutes of the Commonwealth of Kentucky, and otherwise injuring her tortiously.

**FACTS**

12. On the evening of April 1, 2007, Ms. Payne was sitting in quiet conversation with a companion in the front passenger seat of a vehicle at a residential address in Franklin, Kentucky.

13. On that date Simpson County Deputy Sheriff Eddie Lawson, on duty, approached the passenger side door of vehicle and instantly and aggressively demanded and ordered that Ms. Payne exit the vehicle immediately.

14. Ms. Payne complied and followed Deputy Lawson to the front of the vehicle.

15. Simpson County Deputy Sheriff Eddie Lawson immediately then threatened and pushed and shoved Ms. Payne and attacked Ms. Payne, tasering her several times, and forcing her, tasered, to the ground.

16. Simpson County Deputy Sheriff Eddie Lawson then abusively handcuffed Ms. Payne and forced her into a squad car.

17. Denying Ms. Payne ambulance assistance, Simpson County Deputy Sheriff Eddie Lawson then transported Ms. Payne in the squad car to Franklin Medical Center where he demanded medical tests be undertaken.

18. Simpson County Deputy Sheriff Eddie Lawson then wrongfully appropriated Ms. Payne's private medical information for publication.

19. Simpson County Deputy Sheriff Eddie Lawson then transported Ms. Payne to the Simpson County Jail.

20. Ms. Payne was then imprisoned in Simpson County Regional Jail on a series of alleged misdemeanor charges, currently pending before Simpson County District Court, Commonwealth of Kentucky.

21. Simpson County Deputy Sheriff Eddie Lawson, in his capacity as Simpson County Sheriff's Deputy, and without provocation or legal cause, deprived Ms. Payne of her constitutional rights, privileges, and immunities, and acted to injure her tortiously.

22. Jailer Bob Huber in his capacity as Simpson Count Jailer, and without provocation or legal cause, deprived Ms. Payne of her constitutional rights, privileges, and immunities, and acted to injure her tortiously.

23. The acts of physical abuse, illegal arrest, invasion of privacy, and illegal detention against Ms. Payne were committed on the instructions and approval of Simpson County Sheriff Gene Starks, with the knowledge and consent of Sheriff Gene Starks, or otherwise with the approval of Sheriff Gene Starks.

24. Each of Sheriff Starks, Jailer Huber, and Eddie Lawson, in their official capacity and/or individually, and without provocation or legal cause, deprived Ms. Payne of her constitutional rights, privileges, and immunities, and acted to injure her tortiously.

25. The acts of physical abuse, illegal arrest, invasion of privacy, and illegal detention against Ms. Payne were committed with the knowledge and consent of Simpson County, or were otherwise approved by Simpson County.

## COUNT 1
## VIOLATION OF FEDERAL CIVIL RIGHTS

26. Ms. Payne reaffirms and incorporates by reference as if restated herein all the allegations set forth at Items 1-25.

27. The actions of the Defendants, jointly and severally, including by conspiracy, were carried out under color of state law and caused Ms. Payne to be subjected to the deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States, thereby subjecting each and all Defendants to liability under 42,U.S.C. § 1983.

28. Ms. Payne was arrested in violation of 42 U.S.C. § 1983.

29. Ms. Payne was detained and confined in violation of 42 U.S.C. § 1983.

30. Ms. Payne was subject to conspiracy in violation of 42 U.S.C. § 1983.

31. Ms. Payne was subject to assault in violation of 42 U.S.C. § 1983.

32. Ms. Payne was subject to battery in violation of 42 U.S.C. § 1983.

## COUNT 2
## ASSAULT AND BATTERY

33. Ms. Payne reaffirms and incorporates by reference as if restated herein all the allegations set forth at Items 1-32.

34. The actions of Defendants Lawson, Huber, and Starks, jointly and severally, were intentional and directly and proximately caused Ms. Payne to be subjected to apprehension of and to immediate harmful and offensive contact.

35. Further, the assault and battery upon Ms. Payne was willful, malicious, and without justification, and involved excessive force, which was neither justified, reasonable, nor necessary.

36. The actions of Defendants Lawson, Huber, and Starks, jointly and severally, were intentional and directly and proximately caused Ms. Payne to suffer damages to her person, including severe mental and physical pain and suffering, and interruption to her ability to work and function, and the prospect of future medical expenses.

## COUNT 3
## FALSE ARREST AND IMPRISONMENT

37. Ms. Payne reaffirms and incorporates by reference as if restated herein all the allegations set forth at Items 1-36.

38. The actions of Defendants Lawson, Huber, and Starks, jointly and severally, were intentional and directly and proximately caused Ms. Payne's unlawful and involuntary detention by excessive force and threat of force.

39. No reasonable grounds existed for the false arrest.

40. The actions of Defendants Lawson, Huber, and Starks, jointly and severally, directly and proximately caused Ms. Payne's deprivation of liberty, mental anguish, anxiety, embarrassment, humiliation, discomfort, inconvenience, severe physical and mental pain and suffering, and the prospect of future medical expenses..

## COUNT 4
## INVASION OF PRIVACY

41. Ms. Payne reaffirms and incorporates by reference as if restated herein all the allegations set forth at Items 1-40.

42. The actions of Defendants Lawson, Huber, and Starks, jointly and severally, were intentional and directly and proximately caused appropriation and publication of Ms. Payne's, private medical information, all to Ms. Payne's great mental anguish, anxiety, embarrassment, humiliation, discomfort, inconvenience, and severe mental pain and suffering.

43. Ms. Payne suffered damages to her person, including severe mental anguish, anxiety, embarrassment, humiliation, discomfort, and inconvenience, all as a direct and proximate result of the actions of Defendants Lawson, Huber, and Starks.

## COUNT 5
## CONSPIRACY

44. Ms. Payne reaffirms and incorporates by reference as if restated herein all the allegations set forth at Items 1-43.

45. The actions of Defendants Lawson, Huber, and Starks herein were conspiratorial and intentional and directly and proximately caused Ms. Payne damages to her person, including severe physical and mental suffering and anguish, loss of liberty, interruption to her ability to work and function, anxiety, embarrassment, humiliation, discomfort, the prospect of future medical bills, and inconvenience.

WHEREFORE Ms. Payne demands judgment against the Defendants, jointly and severally, in an amount to be determined but not less than $75,000 and sufficient to compensate Ms. Payne for her damages, and joint and several punitive damages in an

amount to be determined, costs expended herein, attorneys' fees, and all other relief to which she may be entitled.

Dated:  March 31, 2008 	Respectfully submitted

Kina Payne
by Counsel



/s/	Peter Gray-Whiteley

313 E. 10th St.
P.O. Box 617
Bowling Green  KY 42102-0617

270 781-2525
270 781-2765  (fax)
pgw@nctc.com (email)