## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CASE NO.: 1:08CV-50-R

KINA PAYNE                                                                    PLAINTIFF

v.         **ANSWER ON BEHALF OF THE DEFENDANTS,
          SIMPSON COUNTY, SIMPSON COUNTY SHERIFF
          GENE STARKS, SIMPSON COUNTY JAILER BOB
          HUBER AND SIMPSON COUNTY DEPUTY
          SHERIFF EDDIE LAWSON**
          (Electronically Filed)

SIMPSON COUNTY, et al                                                    DEFENDANT

The defendants, Simpson County, Simpson County Sheriff Gene Starks, Simpson County Jailer Bob Huber and Simpson County Deputy Sheriff Eddie Lawson (hereinafter collectively referred to as the "Simpson County Defendants"), for their answer to the plaintiff's complaint states as follows:

### FIRST DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

As an affirmative defense, these defendants plead and rely upon the statutory, constitutional and common law of sovereign immunity, governmental immunity, or municipal immunity so as to bar any recovery by plaintiff herein.

### THIRD DEFENSE

As an affirmative defense, these defendants state that to the extent that some of these defendants have been sued in their official capacities, they are arms and political

subdivisions of the Commonwealth of Kentucky and are entitled to immunity from suit under the Eleventh Amendment to the United States Constitution.

## FOURTH DEFENSE

As an affirmative defense, these defendants state that to the extent that some of these defendants are sued in their individual capacities, during the times alleged in the plaintiff's complaint that they were acting in good faith and performing discretionary functions and are entitled to qualified immunity from suits.

## FIFTH DEFENSE

As an affirmative defense, these defendants state that in the event the plaintiff sustained the damages alleged in her complaint, said damages were the result of plaintiff's negligence, contributory negligence, or comparative negligence.

## SIXTH DEFENSE

As an affirmative defense, these defendants state that to the extent that plaintiff seeks punitive damages against some of these defendants in their official capacities, these defendants are immune from suits for punitive damages.

## SEVENTH DEFENSE

As an affirmative defense, these defendants state that they did not act with deliberate indifference to plaintiff in either their individual or official capacities so as to bar any recovery by plaintiff herein.

**EIGHTH DEFENSE**

As an affirmative defense, these defendants state that there exists no official Simpson County policy or custom that caused or contributed to cause plaintiff's alleged damages so as to bar any recovery by plaintiff herein.

**NINTH DEFENSE**

As an affirmative defense, some of these defendants are not the official makers of policy for Simpson County so as to bar any recovery by plaintiff herein.

**TENTH DEFENSE**

As an affirmative defense, these defendants state that either in their official or individual capacities, they cannot be held vicariously liable for the actions of employees of Simpson County under the doctrine of *respondent superior* so as to bar any recovery by plaintiff herein.

**ELEVENTH DEFENSE**

1.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's complaint and amended complaint and therefore deny same.

2.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the plaintiff's complaint and amended complaint and therefore deny same.

3.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the plaintiff's complaint and amended complaint and therefore deny same.

4.      These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the plaintiff's complaint and amended complaint and therefore deny same.

5.      These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the plaintiff's complaint and amended complaint and therefore deny same.

6.      These defendants admit the allegations contained in paragraph 6 of the plaintiff's complaint.

7.      These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the plaintiff's complaint and amended complaint and therefore deny same.

8.      These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the plaintiff's complaint and amended complaint and therefore deny same.

9.      These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the plaintiff's complaint and amended complaint and therefore deny same.

10.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's complaint and amended complaint and therefore deny same.

11.     These defendants deny the allegations contained in paragraph 11 of the plaintiff's complaint.

4

12.     These defendants deny the allegations contained in paragraph 12 of the plaintiff's complaint.

13.     These defendants deny the allegations contained in paragraph 13 of the plaintiff's complaint.

14.     These defendants deny the allegations contained in paragraph 14 of the plaintiff's complaint.

15.     These defendants admit so much of the allegation contained in paragraph 15 of the plaintiff's complaint that Ms. Payne was tasered.  All other allegations in paragraph 15 of the plaintiff's complaint are hereby denied.

16.     These defendants admit so much of the allegation contained in paragraph 16 of the plaintiff's complaint that Deputy Lawson handcuffed Ms. Payne.  All other allegations in paragraph 16 of the plaintiff's complaint are hereby denied.

17.     These defendants admit so much of the allegation contained in paragraph 17 of the plaintiff's complaint that Deputy Lawson transported Ms. Payne in the squad car to the Franklin Medical Center.  All other allegations in paragraph 17 of the plaintiff's complaint are hereby denied.

18.     These defendants deny the allegations contained in paragraph 18 of the plaintiff's complaint.

19.     These defendants admit the allegations contained in paragraph 19 of the plaintiff's complaint.

20.     These defendants admit the allegations contained in paragraph 20 of the plaintiff's complaint.

21.     These defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22.     These defendants deny the allegations contained in paragraph 22 of the plaintiff's complaint.

23.     These defendants deny the allegations contained in paragraph 23 of the plaintiff's complaint.

24.     These defendants deny the allegations contained in paragraph 24 of the plaintiff's complaint.

25.     These defendants deny the allegations contained in paragraph 25of the plaintiff's complaint.

26.     No responsive pleading is needed to paragraph 26 of the plaintiff's complaint.

27.     These defendants deny the allegations contained in paragraph 27 of the plaintiff's complaint.

28.     These defendants deny the allegations contained in paragraph 28 of the plaintiff's complaint.

29.     These defendants deny the allegations contained in paragraph 29 of the plaintiff's complaint.

30.     These defendants deny the allegations contained in paragraph 30 of the plaintiff's complaint.

31.     These defendants deny the allegations contained in paragraph 31 of the plaintiff's complaint.

32.     These defendants deny the allegations contained in paragraph 32 of the plaintiff's complaint.

33.     No responsive pleading is needed for paragraph 33 of plaintiff's complaint.

34.     These defendants deny the allegations contained in paragraph 34 of the plaintiff's complaint.

35.     These defendants deny the allegations contained in paragraph 35 of the plaintiff's complaint.

36.     These defendants deny the allegations contained in paragraph 36 of the plaintiff's complaint.

37.     No responsive pleading is needed for paragraph 37 of plaintiff's complaint.

38.     These defendants deny the allegations contained in paragraph 38 of the plaintiff's complaint.

39.     These defendants deny the allegations contained in paragraph 39 of the plaintiff's complaint.

40.     These defendants deny the allegations contained in paragraph 40 of the plaintiff's complaint.

41.     No responsive pleading is needed for paragraph 41 of plaintiff's complaint.

42.     These defendants deny the allegations contained in paragraph 42 of the plaintiff's complaint.

43.     These defendants deny the allegations contained in paragraph 43 of the plaintiff's complaint.

44.     No responsive pleading is needed for paragraph 44 of plaintiff's complaint.

45.    These defendants deny the allegations contained in paragraph 45 of the plaintiff's complaint.

46.    These defendants further deny that the plaintiff is entitled to the relief requested.

**WHEREFORE**, the defendants, Simpson County, Simpson County Sheriff Gene Starks, Simpson County Jailer Bob Huber and Simpson County Deputy Sheriff Eddie Lawson, request that the plaintiff's complaint be dismissed and held for naught, that these defendants recover their costs herein expended and any and all other relief they may appear to be entitled, including trial by jury.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
E-mail: buzz@elpolaw.com


  s/Charles E. English, Jr.
CHARLES E. ENGLISH, JR.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2008, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mr. Peter Gray-Whiteley – <u>pgw@nctc.com</u>

<u>*s/Charles E. English, Jr.*</u>_____
ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
Email: buzz@elpolaw.com
Attorneys for the Defendants
